956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Alberto DIAZ-DE LEON, Defendant-Appellant.
 No. 90-10571.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 27, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Mario Alberto Diaz-De Leon ("Diaz") was found guilty following a two-day jury trial of importation of 230 pounds of marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2)(G)(1) as well as possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He appeals his conviction and sentence, alleging error in the district court's denial of his motion for acquittal at the end of the government's case as well in the court's calculation of the 51-month sentence imposed under the Sentencing Guidelines.
 
 
 3
 The district court did not err in determining there was sufficient evidence of Diaz' knowing importation and possession of marijuana. United States v. Penagos, 823 F.2d 346 (9th Cir.1987), on which appellant chiefly relies, is inapposite. The defendant in that case was a passenger in a car transporting drugs, not the driver. All of his observed behavior was as consistent with innocence as with guilt. The facts in this case showed not only that Diaz was driving the pickup in which the drugs were hidden, but that he gave inconsistent answers about who owned the pickup, where the defendant lived and what he did for a living. A jury could reasonably conclude that this evidenced his guilty knowledge.
 
 
 4
 The district court did not err in refusing to depart downward based upon minimal or minor participation. The trial judge reasonably found, on the evidence before him, that the defendant was the only participant in the importation with which he was charged, and therefore not entitled to a reduction as a minor participant. See United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3